UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| ORLIS MACHADO-CANTILLO, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:17-cv-00033-TWP-DML |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**<u>ORDER DENYING MOTION FOR RELIEF PURSUANT TO 28 U.S.C. § 2255
AND DENYING CERTIFICATE OF APPEALABILITY</u>**

This matter is before the Court on a Motion to Vacate, Set Aside or Correct a Sentence pursuant to 28 U.S.C. § 2255 filed by Petitioner Orlis Machado-Cantillo ("Machado"). For the reasons explained in this Order, the motion is **denied** and dismissed with prejudice. In addition, the Court finds that a certificate of appealability should not issue.

## I. SECTION 2255 MOTION STANDARDS

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). A court may grant relief from a federal conviction or sentence pursuant to § 2255 "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). The scope of relief available under § 2255 is narrow, limited to "an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *Borre v. United States*, 940 F.2d 215, 217 (7th Cir. 1991) (internal citations omitted).

## II.     FACTUAL BACKGROUND

On July 29, 2015, Machado was charged in a multi-count multi-defendant Second Superseding Indictment, *United States v. Freire-Pifferrer et al.*, No. 4:14-cr-00031-TWP-VTW-6 (S.D. Ind.) (hereinafter "Crim. Dkt."), dkt. 120. Machado was charged in counts 9, 11, 13, 17, and 19 with possession of goods stolen from interstate commerce, in violation of 18 U.S.C. § 659; counts 10, 12, 14, 18, and 20 with interstate transportation of stolen property, in violation of 18 U.S.C. § 2314; and count 23 with conspiracy to possess goods stolen from interstate commerce. Crim. Dkt. 32.

An attorney was appointed to represent Machado in the criminal case. Because Machado is not a native English language speaker, an interpreter was used during court proceedings and by counsel to consult with Machado. *See* Crim. Dkt. 763 (approving payment for interpreter services).

On March 10, 2016, with the assistance of counsel, Machado filed a petition to enter a guilty plea and plea agreement. Crim. Dkt. 362. The plea agreement, entered pursuant to Fed. R. Crim. P. 11(c)(1)(B), provided that Machado would plead guilty to counts 10, 12, 14, 18, 20, and 23 of the superseding indictment. *Id.* at 1. In exchange for the plea, the United States agreed it would move to dismiss counts 9, 11, 13, 17, and 19. *Id.* at 4.

The parties did not stipulate as to the terms of his sentence. Rather, Machado agreed and stated that he understood that the Court would use its discretion to fashion a sentence within the statutory ranges. *Id.* at 2-5. He also agreed and understood that the Court would take into account the Sentencing Guidelines in determining the appropriate sentence within the statutory range, but that the Sentencing Guidelines are only advisory in nature, and thus the final determination of the sentence would be made by the Court. *Id.* at 2-3. The parties agreed to reserve the right to present

evidence and arguments concerning what they believed to be the appropriate sentence in the matter. *Id.* at 4.

Machado agreed to pay a mandatory special assessment fee of $600. *Id.* at 5. He also agreed that he would be required to pay restitution and that the total amount owed was at least $7,000,000. *Id.* He agreed that the restitution would be payable to the victims of the following thefts:

- the September 9, 2013, theft of Apple computer products valued at approximately $1,280,000 from the Ingram Micro facility in Harrisburg, Pennsylvania;

- the April 26, 2014, theft of Hewlett Packard computer products valued at approximately $608,482.48 from El Paso, Texas;

- the June 4, 2014, theft of LG Electronics cellular telephone valued at approximately $1,501,500 from the Pilot Travel Center in Troy, Illinois;

- the August 1, 2014, theft of COTY cosmetic products valued at approximately $1,224,229.20 from the Flying J truck stop in Wytheville, Virginia;

- the October 3, 2014, theft of Samsung appliances valued at approximately $53,000 from the Flying J truck stop in Whiteland, Indiana;

- the October 16, 2014, theft of Panasonic electronics valued at approximately $160,000 from the Flying J truck stop in Lebanon, Indiana;

- the December 9, 2014, theft of T-Mobile cellular telephones valued at approximately $460,000 from the Flying J truck stop in Oklahoma City, Oklahoma;

- the January 14, 2015, theft of Limited Brands products valued at approximately $807,000 from the Flying J truck stop in Jeffersonville, Ohio;

- the February 3, 2015, theft of Mead Johnson baby formula valued at approximately $339,000 from the Flying J truck stop in Jeffersonville, Ohio;

- the February 25, 2015, theft of COTY products valued at approximately $608,482.48 from the Travel Centers of America in Wytheville, Virginia;

*Id.* at 5-6.

In the plea agreement, Machado stipulated that, under the United States Sentencing Guidelines ("U.S.S.G."), his base offense level was 6 based on § 2B1.1(a)(2). *Id.* at 8. The parties

further stipulated that the total loss amount was more than $3,500,000 but not more than $9,500,000.00, and therefore 18 levels were added pursuant to U.S.S.G. § 2B1.1(b)(1)(J). Two levels were added because the offense involved 10 or more victims, § 2B1.1(b)(2)(A)(i), two levels were added because the offense involved receiving stolen property, § 2B1.1(b)(4), and two levels were added because the offense involved an organized scheme to steal good or chattels from cargo shipments, § 2B1.1(b)(14)(B). *Id.* at 8. The parties also stipulated that, because Machado had demonstrated recognition and affirmative acceptance of personal responsibility, he was entitled to a three-level reduction pursuant to U.S.S.G. § 3E1.1. *Id.* at 8-9.

Machado waived his right to appeal or otherwise challenge his conviction or sentence, except that the appellate waiver did not encompass claims that he received ineffective assistance of counsel. *Id.* at 9-10. Machado also agreed that he recognized that pleading guilty might have consequences with respect to his immigration status. *Id.* at 10.

In preparation for sentencing, the United States Probation Office prepared a presentence report (PSR). *See* Crim. Dkt. 466. The probation officer calculated Machado's total offense level at 27. *Id.* ¶ 32. Machado's total criminal history score was 4, which established a criminal history category of III. *Id.* ¶ 42. An offense level 27 combined with a criminal history category III would result in an advisory Guideline range of 87-108 months' imprisonment. *Id.* ¶ 73.

A change of plea and sentencing hearing was held on July 25, 2016, with the use of an interpreter. Crim. Dkt. 761. During the hearing, the Court and parties went over the stipulated factual basis, which Machado signed and agreed to. *Id.*; Crim. Dkt. 486 (Stipulated factual basis). Machado's counsel made two objections to the PSR. The first objection was to ¶ 23 of the PSR, that being a two-level enhancement because the offense involved receiving stolen property and the defendant was a person in the business of receiving and selling stolen property. Crim. Dkt. 486 at

22. The Court overruled objection number 1. Counsel also objected to how the amount of loss was calculated, arguing that paragraph 2 lists stolen goods totaling only $2,463,000.00. Crim. Dkt. 486 at 23. Discussion was held explaining the loss is the value of the stolen goods at the time the merchandise was stolen and includes intended loss. The Court overruled objection number 2. The Court accepted Machado's guilty plea and sentenced him to 96 months' imprisonment, to be followed by three years of supervised release. Crim. Dkt. 488. An amended Judgment that included restitution amounts was entered on October 11, 2016. Crim. Dkt. 609. Machado did not appeal his conviction or sentence.

On February 16, 2017, Machado filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Dkt. 1; *see also* Dkt. 5 (amended § 2255 motion). On May 10, 2017, counsel was appointed to represent Machado in this action pursuant to 18 U.S.C. § 3006A. On October 9, 2017, through appointed counsel, Machado filed a second amended motion[1]. Dkt. 24. The United States filed a response. Dkt. 26. Machado did not file a reply, and the time to do so has passed.

### III. DISCUSSION

Machado seeks relief pursuant to § 2255 arguing that his trial counsel provided ineffective assistance of counsel for: (1) failing to submit a sentencing memorandum outlining mitigating factors; (2) failing to establish that Machado did in fact want to plead guilty, when his primary language was Spanish; (3) failing to present any witnesses or evidence on Machado's behalf during sentencing; (4) failing to provide a more compelling sentencing argument; and (5) failing to adequately explain the consequences of pleading guilty – Machado thought he was pleading to 70

---

[1] Machado raises claims in his initial § 2255 motion that are not raised in his second amended motion. The Court considers his second amended motion as the operative pleading and will assume that Machado has waived any claims not raised in his second amended motion.

5

months yet he was sentenced to 96 months. Dkt. 24 at 3-5. Machado also separately asserts that his plea of guilty as to Count 18 was no knowingly made because his primary language is Spanish. *Id.* at 6-7.

A. **Ineffective Assistance of Counsel Standard**

A petitioner claiming ineffective assistance of counsel bears the burden of showing (1) that trial counsel's performance fell below objective standards for reasonably effective representation and (2) that this deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 688-94 (1984); *United States v. Jones*, 635 F .3d 909, 915 (7th Cir. 2011). If a petitioner cannot establish one of the *Strickland* prongs, the court need not consider the other. *Groves v. United States,* 755 F.3d 588, 591 (7th Cir. 2014). To satisfy the first prong of the *Strickland* test, a petitioner must direct the court to specific acts or omissions of his counsel. *Wyatt v. United States,* 574 F.3d 455, 458 (7th Cir. 2009). The court must then consider whether in light of all of the circumstances whether counsel's performance was outside the wide range of professionally competent assistance. *Id.* In order to satisfy the prejudice component, a petitioner must establish that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. In addition, in attacking trial counsel's performance, a defendant "must 'overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.'" *Frentz v. Brown,* 876 F.3d 285, 293 (7th Cir. 2017) (quoting *Strickland,* 466 U.S. at 689).

In the context of guilty pleas, "in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

6

**B.      Sentencing Failures**

Machado asserts that his counsel failed to submit a sentencing memo outlining mitigating factors, failed to present any witnesses or evidence on his behalf during sentencing, and failed to provide a more compelling sentencing argument.

As an initial matter, Machado fails to identify "specific acts or omissions of his counsel." *Wyatt*, 574 F.3d at 458. Machado does not explain what mitigating factors his counsel should have raised in a sentencing memo or at the sentencing hearing, nor does Machado identify what witnesses or evidence should have been brought during the sentencing hearing. The Seventh Circuit has repeatedly warned that "perfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived (even where those arguments raise constitutional issues)." *United States v. Holm*, 326 F.3d 872, 877 (7th Cir. 2003) (citing *United States v. Berkowitz*, 927 F.2d 1376, 1384 (7th Cir. 1991); Fed R. App. P. 28(a)(4); *United States v. Brown*, 899 F.2d 677, 679 n.1 (7th Cir. 1990)).

Additionally, "[c]omplaints of uncalled witnesses are not favored in federal habeas corpus review." *United States ex rel. Cross v. DeRobertis*, 811 F.2d 1008, 1016 (7th Cir. 1987) (quoting *Murray v. Maggio*, 736 F.2d 279, 282 (5th Cir. 1984)). "[I]f potential witnesses are not called, it is incumbent on the petitioner to explain their absence and to demonstrate, with some precision, the content of the testimony they would have given at trial." *DeRobertis*, 811 F.2d at 1016. To meet this burden, "the petition must be accompanied with a detailed and specific affidavit which shows that the petitioner had actual proof of the allegations going beyond mere unsupported assertions." *Prewitt v. United States,* 83 F.3d 812, 819 (7th Cir. 1996).

Moreover, Machado was given an opportunity during the sentencing hearing to speak on his own behalf, and he failed to do so:

> THE COURT: Thank you. Why don't you all -- did you want to make a statement? Did you want to tell me anything, Mr. Machado? You're sorry you did this and you're going to stop doing this kind of stuff?
>
> THE DEFENDANT: Didn't I sign an agreement for 70 months?
>
> THE COURT: No. Your agreement is 87 – your sentencing range is 87 to 108 months. Now, you can ask me for 70 months. You can ask for anything, but under the guidelines, it's 87 -- the advisory guidelines, 87 to 108 months is the calculation.
>
> MR. CAMPISANO: 70 would be criminal history I.
>
> THE COURT: Oh, he thought he was in criminal history category I? Because of your criminal history, you're in criminal history category III, which makes your guideline range 87 to 108 months. Do you understand?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Okay. Do you have anything you wanted to say?
>
> THE DEFENDANT: (Shakes head from side to side.)
>
> THE COURT: You have to answer out loud.
>
> THE DEFENDANT: No. I do not.

Crim. Dkt. 761 at 40-41.

Thus, Machado fails to overcome the presumption that his counsel's general defense was sound trial strategy. An attorney's duty is not to raise every conceivable defense or obstruction. *Fuller v. United States*, 398 F.3d 644, 652 (7th Cir. 2005). Additionally, Machado fails to explain how he was prejudiced by his counsel's performance. Accordingly, habeas relief is not available to Machado on these grounds.

**C.     Failure to Ensure Voluntary Plea and Explain Consequences of a Plea**

Machado argues that his counsel failed to establish that he intended to plead guilty to the underlying charges. Specifically, during the sentencing hearing, he responded "yes" when the Court asked if he intended to plead guilty or not guilty. *See* Crim. Dkt. 761 at 32-33

8

In order for a plea to be valid, it must be made voluntarily, knowingly, and intelligently. *United States v. Hays*, 397 F.3d 564, 567 (7th Cir. 2005) (citing *United States v. Gilliam*, 255 F.3d 428, 432-33 (7th Cir. 2001)). To determine whether a defendant understood the nature of a charge, the Court considers (1) the complexity of the charge; (2) the defendant's intelligence, age, and education; (3) whether the defendant was represented by counsel; (4) the district judge's inquiry during the plea hearing and the defendant's own statements; and (5) the evidence proffered by the government. *United States v. Bradley*, 381 F.3d 641, 645 (7th Cir. 2004).

First, the charges in the case were relatively straightforward – Machado was accused of stealing over $7,000,000 in goods from various truck stops between 2013 and 2015. Crim. Dkt. 761 at 17-18. Machado demonstrated that he understood what he was accused of as he personally objected to Count 18 related to the December 9, 2014, theft of T-Mobile cellular telephones, asserting that he was in an airport at Kansas City on that day. He later withdrew that objection, and agreed that he was involved with the theft:

> THE COURT: Lawyers, I'm going to read Count 18 into the record. Count 18. "On or about December 9, 2014, within the Southern District of Indiana and elsewhere...Carlos Enrique Freire-Pifferrer, Miguel Mompie, and Orlis Machado, did unlawfully transport, transmit, and transfer in interstate commerce from the State of Indiana to the Commonwealth of Kentucky, stolen goods, wears and merchandise, including approximately 4,600 cellular telephones valued at approximately $460,000, knowing the same to have been stolen." So can he admit that he transferred from Indiana to Kentucky those stolen -- those goods on December 9th, because –
>
> THE DEFENDANT: (Unintelligible.)
>
> THE COURT: What did he say?
>
> THE DEFENDANT: I didn't transport them.
>
> (Off the record.)
>
> THE DEFENDANT: I was in an airport at that time.
>
> THE COURT: In Kansas City?

>  THE DEFENDANT: Yes.
>
>  THE COURT: Okay.
>
>  MR. CAMPISANO: Can we have a moment, Your Honor?
>
>  THE COURT: You may. Do you need to step out?
>
>  MR. CAMPISANO: Yes.
>
>  THE COURT: Okay.
>
>  (Off the record.)
>
>  THE COURT: We're back on the record. And with respect to the December 9, 2014, theft of T-Mobile cellular telephones from the Flying J Truck Stop in Oklahoma City, Oklahoma, what is your client's position, Mr. Campisano?
>
>  MR. CAMPISANO: He will agree that he was involved.
>
>  THE COURT: He was involved?
>
>  MR. CAMPISANO: Yes.
>
>  THE COURT: Okay. Is that correct, sir, you're going to agree that you were involved with Count 18?
>
>  THE DEFENDANT: Yes.

Crim. Dkt. 761 at 19-21. Next, Machado had twelve years of schooling, he is forty-five years old, able to read and write in Spanish, and was provided with the services of an interpreter to communicate with the Court and his attorney, who represented him throughout the proceedings. Finally, the Court conducted a thorough inquiry into Machado's understanding of all aspects of his guilty plea. When Machado expressed confusion regarding Count 18, the December 9, 2014, theft referenced above, the Court stopped the proceeding and gave Machado the opportunity to speak again with his attorney regarding the charges. Machado returned and agreed that he was involved with the theft, and he agreed that he would be required to pay restitution for all of the identified thefts. *Id.* at 21. The Court read all of the relevant charges and the elements of those

charges. *Id.* The Court then explained the immigration consequences to Machado. *Id.* at 27-29. Thereafter, the United States submitted a stipulated factual basis that Machado had signed and agreed to. *Id.* at 29. Machado acknowledged that he had read through the stipulated factual basis with his lawyer and interpreter, and that everything in the factual stipulation was true. *Id.* at 30. The Court then asked how Machado wanted to plead:

> THE COURT: In light of everything that I have explained to you today, and upon advice from your attorney, how do you plead to the charges -- I want you to listen carefully. You're pleading guilty to Counts 10, 12, 14, 18, and 20, interstate transportation of stolen property; and Count 23, conspiracy to possess goods stolen from interstate commerce. Are you guilty or not guilty of these counts?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Which? Guilty or not guilty?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Okay. You can't say "Yes." You need to tell me guilty or not guilty.
>
> THE DEFENDANT: Oh, yes.
>
> THE COURT: Which one? Are you guilty?
>
> MR. CAMPISANO: Guilty? Are you pleading guilty?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Interpreter, what did he say?
>
> THE INTERPRETER: Yes.
>
> THE COURT: Okay. Yes, guilty?
>
> MR. CAMPISANO: Yes.

*Id.* at 32-33. Although there was some confusion here, based on Machado's statements throughout the sentencing hearing and his agreement with the stipulated factual basis, it is clear that Machado understood the charges and that he intended to plead guilty to the charges. Additionally, the Court,

11

with the assistance of the interpreter, asked the question multiple times to ensure that Machado intended to plead guilty to all of the counts. Based on the plea colloquy, the Court found that:

> THE COURT: Okay. It is the finding of the Court in the case the United States versus Orlis Machado-Cantillo, that the defendant is fully competent and capable of entering an informed plea, he is aware of the nature of the charges and the consequences of the plea. The plea of guilty is knowing and voluntary, it is supported by an independent basis in fact that contains each of the essential elements of the offense. The plea is therefore accepted, and the defendant is now adjudged guilty of Counts 10, 12, 14, 18 -- that's the one you had questions about -- and Count 20, as well as Count 23. Do you understand?
>
> THE DEFENDANT: Yes.

*Id.* at 33. There is no evidence that the Spanish interpretation was flawed or that Machado was unable to understand the judge through the interpreter. Despite several opportunities to do so during the change of plea hearing, Machado never asserted that his guilty plea was not knowing or voluntary or that he was dissatisfied with his attorney. A "defendant is normally bound by the representations he makes to a court during the colloquy," *Hutchings v. United States*, 618 F.3d 693, 699 (7th Cir. 2010), and Machado repeatedly stated under oath that he understood the judge, the proceedings, and his rights, and—despite question over one of the charges (that were resolved after consultation with his attorney)—he offered his guilty plea. His statements to the court are given a "strong presumption of verity," *United States v. Silva*, 122 F.3d 412, 415 (7th Cir. 1997) (quoting *Blackledge v. Allison*, 431 U.S. 63, 74 (1977)), because "when the judge credits the defendant's statements in open court, the game is over," *United States v. Stewart*, 198 F.3d 984, 987 (7th Cir. 1999). "[A] defendant has no chance of success on appeal when the judge elects to treat freely given sworn statements as conclusive. Entry of a plea is not some empty ceremony, and statements made to a federal judge in open court are not trifles that defendants may elect to disregard." *Stewart*, 198 F.3d at 987.

Given the Court's thorough efforts to confirm that Machado was pleading guilty in a voluntarily and knowing manner and the extensive discussion of the charges and stipulated factual basis, Machado fails to show that his attorney allegedly failed to ensure he intended to plead guilty. Additionally, Machado has been represented by counsel in this § 2255 proceeding and has failed to present any evidence showing that he was prejudiced, under *Strickland*, meaning that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. Accordingly, habeas relief is not available to Machado on this ground.

### D. Failure to Explain Consequences of the Plea

Finally, Machado argues that his counsel failed to explain the consequences of his plea. Specifically, during the sentencing hearing, he asked, "[d]idn't I sign an agreement for 70 months?" Crim. Dkt. 761 at 40.

As discussed above, during the sentencing hearing, the Court confirmed that Machado understood the consequences of a guilty plea. *Id.* at 6-16 ("THE COURT: I need to make certain that you understand the penalties that you face on the charges that you're pleading to. …"). The Court also confirmed that Machado understood that sentencing was at the discretion of the Court. *Id.* at 12-14. The Court also confirmed that Machado understood that the parties had not agreed upon a specific sentence. *Id.* at 15. When the Court informed Machado that the guideline range was 87 to 108 months, and asked if he wanted to provide a statement, Machado expressed that he thought he signed an agreement for 70 months. *Id.* at 40. The Court explained the basis for his sentencing range, clarified the misunderstanding as to the criminal history category, and asked if he had anything he wanted to say. *Id.* at 40-41. Machado did not object or make any further statements. *Id.* at 41.

Critically, Machado failed to submit any evidence to make the necessary showing that he was prejudiced, under *Strickland*, and that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. Accordingly, habeas relief is also not available to Machado on this ground.

## IV. CONCLUSION

For the reasons explained in this Order, Machado is not entitled to relief on his § 2255 motion. There was no ineffective assistance of counsel. Accordingly, his motion for relief pursuant to § 2255 is **DENIED,** and this action is dismissed with prejudice. Judgment consistent with this Entry shall now issue, and the Clerk shall **docket a copy of this Entry in No. 4:14-cr-00031-TWP-VTW-6.** The motion to vacate (Crim. Dkt. 606) shall also be **terminated** in the underlying criminal action.

## V. CERTIFICATE OF APPEALABILITY

A habeas petitioner does not have the absolute right to appeal a district court's denial of his habeas petition, rather, he must first request a certificate of appealability. *See Miller–El v. Cockrell*, 537 U.S. 322, 335 (2003); *Peterson v. Douma*, 751 F.3d 524, 528 (7th Cir. 2014). Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 Proceedings, and 28 U.S.C. § 2253(c), the Court finds that Machado has failed to show (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore **DENIES** a certificate of appealability.

**SO ORDERED.**

Date: 10/23/2018

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Mario Garcia
BRATTAIN MINNIX GARCIA
mario@bmgindy.com

Matthew Rinka
UNITED STATES ATTORNEY'S OFFICE
matthew.rinka@usdoj.gov